**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**CARLANDO MUKES,**

      Plaintiff,

  -vs-

**CITY OF MILWAUKEE,**
Milwaukee Police Chief **EDWARD FLYNN,**
Milwaukee Police Sergeant **JASON MUCHA,**
Former Milwaukee Police Officer **MICHAEL VAGNINI,**
and Milwaukee Police Officer **PAUL MARTINEZ,**

      Defendants.

**Case No. 13-C-1268**

---

## DECISION AND ORDER

Carlando Mukes, a paraplegic confined to a wheelchair, alleges a variety of constitutional claims relating to an incident where he was searched and physically abused by two Milwaukee police officers. According to Mukes' complaint, the officers in question detained him without probable cause or reasonable suspicion. After searching Mukes' adult diaper for drugs, Officer Paul Martinez planted a bag of drugs on Mukes. When Mukes protested, Officer Michael Vagnini hit him on the forehead with a flashlight, and the officers dumped him out of his wheelchair onto the ground. After lying on the ground in the rain for approximately ten minutes, the officers placed Mukes in the back of a police squadrol and drove him to a hospital. The officers failed to secure Mukes in the back of the vehicle, so Mukes bounced around the compartment during the drive. Mukes was charged with possession of a

controlled substance and resisting an officer, but the charges were eventually dismissed. The defendants move for partial judgment on the pleadings. Fed. R. Civ. P. 12(c).

Apparently, this type of conduct isn't or hopefully wasn't an isolated incident in the Milwaukee Police Department, as there are several pending cases with similar fact patterns. In a series of cases with common defendants[1] (and with the same attorneys on the plaintiff's side), Judge Stadtmueller rejected the arguments raised by the City in the instant motion: first, that the plaintiff failed to state a claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); second, that Chief of Police Edward Flynn could not be subject to supervisory liability; and third, that the plaintiff failed to state a claim for conspiracy. *See Freeman v. City of Milwaukee*, No. 13-CV-918-JPS, --- F. Supp. 2d ---, 2014 WL 197912 (E.D. Wis. Jan. 15, 2014); *Hoskin v. City of Milwaukee*, No. 13-CV-920-JPS, --- F. Supp. 2d ---, 2014 WL 197914 (E.D. Wis. Jan. 15, 2014); *Venable v. City of Milwaukee*, No. 13-CV-1114-JPS, --- F. Supp. 2d ---, 2014 WL 197917 (E.D. Wis. Jan. 15, 2014). Obviously, Judge Stadtmueller's decisions are not binding authority, but his reasoning is persuasive. Mukes' complaint, just like the complaints considered by Judge Stadtmueller, state actionable claims for relief.

---

[1] One of those defendants, Officer Vagnini, was charged with multiple felonies and misdemeanors related to illegal body cavity and strip searches. In June of 2013, Vagnini was sentenced to 26 months in prison and 34 months of extended supervision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to file supplemental authority [ECF No. 27] is **GRANTED**;

2. Defendants' motion for partial judgment on the pleadings [ECF No. 19] is **DENIED**; and

3. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **May 13, 2014** at **9:30 a.m. (CST)**. The parties should refer to the Court's prior notice [ECF No. 17] for details.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2014.

          **BY THE COURT:**

          */s/ Rudolph T. Randa*
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**